## MATHIS v. WEAVER, executor.

While an interlocutory order for the appointment of a receiver is reviewable by the Supreme Court, a subsequent order made pending a writ of error in such case, supplying a vacancy in the office of receiver resulting from non-acceptance of the one first appointed, is not reviewable upon a fast writ of error. *Writ of error dismissed.*

April 9, 1894. Argued at the last term.

J. H. LUMPKIN and LITTLE, WIMBISH & WORRILL, for plaintiff in error. BLANDFORD & GRIMES and THORNTON & McMICHAEL, *contra*.

---

## DeLOACH v. RICHARDS.

The plaintiff in error not having paid the costs in this court, and the affidavit sent up with the record not conforming in terms to the act of September 27th, 1881 (Code, §4263), and counsel not having appeared in person when the case was called for argument, and not having sent up money with which to pay the costs, the writ of error is dismissed. *Harris v. Harrold, Johnson & Co.*, 74 *Ga.* 410.      *Writ of error dismissed.*

April 9, 1894. Argued at the last term.

A rule absolute was granted against a constable for failing to make the money upon levy of a distress warrant. He excepted, and instead of making the usual affidavit *in forma pauperis*, he swore "that because of his poverty he is unable to pay the cost in the above stated case." The head-note states the other facts.

J. J. BULL, by brief, for plaintiff in error.

---

## MORRISON v. DODGE.

Neither the documentary evidence specified in the bill of exceptions, nor any brief of the same, being set out and authenticated, either in the bill of exceptions or in the transcript of the record, and it not appearing that said evidence ever was briefed and approved by the judge so as to become a part of the record, and none of the

errors assigned being susceptible of proper examination and adjudication without considering the evidence, no reversal of the judgment of the court below is legally possible.    *Judgment affirmed.*

April 30, 1894.  Argued at the last term.

R. R. NORMAN and W. L. CLARKE, by D. W. ROUNTREE, for plaintiff in error.  DeLACY & BISHOP, *contra.*

THE MAYOR AND COUNCIL OF WAYCROSS *v.* NEAL.

THE SAME *v.* BURDELL.

94a 731
98  427
94  731
Case 3
116  105

There being no motion for a new trial, but a direct bill of exceptions assigning as erroneous a judgment rendered by the presiding judge without a jury, and the evidence not being set out in the bill of exceptions, and no brief thereof having been made and approved by the judge so as to make the same a part of the record, the evidence has not been brought to this court in the manner prescribed by law and cannot be considered; and the error assigned necessarily involving a consideration of the evidence, no adjudication thereon can be had.                          *Writ of error dismissed.*

April 30, 1894.  Argued at the last term.

J. L. CRAWLEY, by J. C. McDONALD, for plaintiff in error.  HITCH & MYERS, *contra.*

THE BANK OF SOUTHWESTERN GEORGIA *v.* TILLMAN *et al.*

There being no appearance here for the defendant in error, and no evidence, by the sheriff's return or by the record, that she was a non-resident of Sumter county; and the return showing that the bill of exceptions was served upon her attorney by leaving a copy of the same at his residence, and not otherwise, the writ of error is dismissed for insufficient service of the same.    Code, §4259.

August 14, 1894.                          *Writ of error dismissed.*

R. L. MAYNARD, by brief, for plaintiff in error.

PRITCHETT, adm'r, *v.* COMMISSIONERS OF BARTOW COUNTY.

94  731
Case 2
123  319

Where a case was argued in this court on the 31st day of January, 1894, during the October term, 1893, and the plaintiff in error died on the 7th day of February, 1894, and this court, without being in-