## PURDEE *v.* THE STATE.

1. The state of a witness's feelings to the parties may always be proved for the consideration of the jury.
2. The evidence rejected was of a character which would throw light upon the state of the witness's feelings to the accused, and in a case like the present its rejection is cause for a new trial.

Submitted October 19, — Decided October 30, 1903.

Indictment for burglary. Before Judge Roberts. Montgomery superior court. June 19, 1903.

*J. B. Geiger,* for plaintiff in error.
*J. F. DeLacy, solicitor-general,* contra.

COBB, J. Purdee was convicted of burglariously entering the dwelling house of one Snow, and he assigns error upon the refusal of the judge to grant him a new trial.

In one ground of the motion for a new trial complaint is made that the court refused to allow the accused to prove by the prosecutor that on the morning after the alleged burglary he went to the house of Purdee and committed an assault upon him. Error is also assigned upon the exclusion of two indictments against Snow, one charging him with an assault and battery upon Purdee on the day after the alleged burglary, and the other with using profane and vulgar language to Purdee on the same day. Upon each of the indictments appeared a plea of guilty. All of the evidence was offered for the purpose of impeaching Snow, who had testified that he was on friendly terms with the accused, and the indictments were offered for the additional purpose of showing the state of the witness's feelings toward the accused. The state of a witness's feelings to the parties may always be proved for the consideration of the jury. Penal Code, § 1023. If a witness for the State in a criminal case testifies, as the prosecutor did in this case, that he is on friendly terms with the accused, it is competent for

the accused to prove the contrary, for the purpose of discrediting the witness.　See *Daniel* v. *State*, 103 *Ga.* 202, and the cases therein cited, where this question is discussed.　Under the rulings just referred to we think the evidence offered was material for the purpose of enabling the jury to see what was the real state of feeling between the prosecutor and the accused.　The conviction of the accused could not have been had without the testimony of Snow; and as the case is upon its merits at best a doubtful one, we think the accused was entitled to the benefit of the evidence offered for whatever it was worth.　The court erred in rejecting the oral evidence and the two indictments above referred to.

There was another indictment offered in evidence, showing that Snow had also been indicted for pointing a gun at one Wright, the brother-in-law of the accused.　There was no error in rejecting this indictment, it not appearing that the accused had any connection with the transaction leading up to the indictment, or that he was at all responsible for the prosecution.

*Judgment reversed.　All the Justices concur.*