## NORTHWEST ATLANTA BANK *v.* ZEC.

No. 14501.   JUNE 10, 1943.

116

*C. N. Davie* and *Clarence D. Stewart,* for plaintiff in error.
*George C. Mitchell,* contra.

DUCKWORTH, Justice. ■ The bill of exceptions recites that on January 8, 1943, the trial court rendered judgment overruling the demurrer of the plaintiff in error to the amended petition, and the exception is to that judgment. The judgment excepted to was not specified as a part of the record necessary to be considered, and the record did not contain a certified copy of that judgment. It is declared in the Code, § 6-1403: "If at any time, when a case is called for trial, or during the trial, or afterwards while the appellate court may have the same under consideration, it shall be discovered that the record is so incomplete that justice requires the case to be postponed or continued until the record can be made complete, the court shall take such control and give such order and direction as may be proper in the premises." The quoted statute is applicable in the present case; and this court delayed its decision and ordered the clerk of the trial court to certify and send up a copy of that judgment. See *Sapp* v. *Adams,* 65 *Ga.* 600; *Wyatt* v. *Crowder,* 112 *Ga.* 168 (37 S. E. 380) ; *Scott* v. *Whipple,* 116 *Ga.* 211 (42 S. E. 519) ; *Georgia Northern Ry. Co.* v. *Hutchins,* 119 *Ga.* 504 (46 S. E. 659) ; *Atlanta Suburban Land Co.* v. *Austin,* 122 *Ga.* 374 (50 S. E. 124) ; *Castleberry* v. *Parrish,* 135 *Ga.* 527 (2) (69 S. E. 817).

■ The motion and argument in this court by counsel for the defendant in error made it appear that other portions of the record in the trial court, which were neither specified as *material* nor certified and sent up as a part of the record, were necessary in order that this court may fully and fairly adjudicate the questions at issue and the alleged error. While it is provided in the Code, § 6-810(1), that if the defendant desires other parts of the record he shall, within twenty days after the bill of exceptions has been served on him, petition the trial judge to order such record sent

up by the clerk, and this procedure affords the fairest method for procuring additional record, since it is addressed to the trial judge who is familiar with the entire record, yet it is provided in subsection 4 of § 6-810 that "If, however, it appears to the appellate court, from the argument of the counsel on the hearing, or in the consideration of the same preparatory to making up the judgment of the court, that any part or portion of the record of the case in the court below has not been brought up, and such part of the record is necessary, in the opinion of the court, to be before them in order to fully and fairly adjudicate the questions at issue and the alleged errors, then the court shall, by its order directed to the clerk of the court below, require him to certify and send up such portions of the record as, in the opinion of the appellate court, are needful or necessary in order to fully and fairly adjudicate the errors assigned." Thus it is obvious that notwithstanding the failure of the defendant in error to adopt the procedure in the trial court for procuring additional record, this court is required, under subsection 4 quoted above, to order certified and sent up copies of such record as appear to be necessary in order to "fully and fairly adjudicate the questions at issue and the alleged errors." See *McMullen* v. *Butler,* 117 *Ga.* 845, 848 (45 S. E. 258); *Thompson* v. *Simmons,* 139 *Ga.* 845 (78 S. E. 419); *Bennett* v. *Benton,* 162 *Ga.* 139 (133 S. E. 855); *Rentz* v. *Hagan,* 31 *Ga. App.* 730 (122 S. E. 248); *Powell* v. *Griffith,* 38 *Ga. App.* 40 (142 S. E. 466).

■ Whether or not the demurrer of the plaintiff in error, overruled on July 24, 1942, constituted an attack upon the consolidated petition or merely upon that portion of such petition comprising the amended petition of Noland Company Inc., and others, the judgment is not final, since exceptions were duly filed thereto. This record shows, however, that all of the cases were consolidated by the court's order unexcepted to, dated June 4, 1942. Thereafter the previous cases ceased to exist. The consolidation was the equivalent of a redrafting of all of the pleadings, whereby the various petitions and amendments were copied into a single petition, and the defenses were treated in like manner. *O'Malley* v. *Wilson,* 182 *Ga.* 97 (185 S. E. 109). The demurrer by the bank to that portion of the consolidated petition comprising the averments of the amended Zec petition did not assail the entire consolidated petition; and had this demurrer been sustained by the judgment now ex-

cepted to, it would not have been final as to any party to the consolidated case. Zec would have continued a party seeking judgment, etc., against Moyers, and the bank would have continued as a party in virtue of the other portion of the consolidated petition. Therefore it is obvious that the present writ of error is premature. See *Winder Lumber Co.* v. *Mary Leila Cotton Mills,* 143 *Ga.* 277 (84 S. E. 587); *Richter* v. *Macon Gas Co.,* 144 *Ga.* 650 (87 S. E. 895); *MacDonell* v. *South Georgia Live Stock Corporation,* 152 *Ga.* 475 (110 S. E. 227).

*Writ of error dismissed. All the Justices concur.*