## VERDERY v. CAMPBELL.

No. 15995. JANUARY 9, 1948.

212

*Isaac S. Peebles Jr.,* for plaintiff in error.

*Cumming, Nixon & Eve,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ▮
The first special ground of the amended motion for new trial is
based upon newly discovered evidence. While the movant stated
under oath that he did not discover the contents of an affidavit
made by Mrs. Helen J. Verdery of 222 Lexington Avenue, New
York, N. Y., in time to use the same upon the trial of the case,
he did not state that his counsel did not know of the existence
of such evidence, and there was no supporting affidavit by the
movant's counsel.

Applications for new trials on the ground of newly discovered
evidence are addressed largely to the discretion of the trial judge,
and this court will not reverse his decision refusing a new trial
on such ground unless it is abused. *Hall* v. *State,* 141 *Ga.* 7 (80

S. E. 307). It must also appear by affidavit of the movant and each of his counsel that they did not know, and could not by the exercise of ordinary diligence have discovered the existence of the new evidence. *Smiley* v. *Smiley*, 144 *Ga.* 546 (3) (87 S. E. 668); *Harris* v. *State*, 149 *Ga.* 724 (2) (102 S. E. 159); *Overby* v. *State*, 183 *Ga.* 353 (3) (188 S. E. 520); *Hixson* v. *State*, 194 *Ga.* 568 (4) (22 S. E. 2d, 121). It follows that the ground of newly discovered evidence under review was fatally defective, in that there was no supporting affidavit by movant's counsel as required by the Code, § 70-205.

■ There is no merit in the second special ground, wherein it is insisted that under the evidence it affirmatively appeared that the petitioner had deprived the movant of the joint occupancy of a described house by harassment and annoyance to such an extent that he and his wife were unable to live there. In relation to the joint occupancy of the house the petitioner testified in part: She had the north end of the house. The defendant took the other end and kept it locked. The witness did not do anything to get the defendant and his wife out of the house. They came and went as they pleased. The hall door to the lounge was left open day and night, and the defendant had a key to his part.

A controlling question on the trial of the case for partition was whether the household furniture constituted a part of the estate of the father of the petitioner and the defendant, or whether it formed a part of their mother's estate. The evidence on the question of which estate the household furniture constituted a part of, though conflicting, was sufficient to authorize the verdict in favor of partition as prayed for by the petitioner, and the trial court did not err in overruling the defendant's motion for new trial as amended.

*Judgment affirmed. All the Justices concur, except Duckworth, P. J., absent on account of illness, and Wyatt, J., who took no part in the consideration or decision of this case.*