## ATTAWAY *v.* DUNCAN *et al.*

No. 16841. OCTOBER 12, 1949. REHEARING DENIED NOVEMBER 18, 1949.

*Mary B. Rogers Brady,* for plaintiff.
*R. F. Duncan,* for defendants.

CANDLER, Justice. On April 21, 1948, a court of competent jurisdiction in Fulton County awarded the custody of two minor children to their maternal· grandparents, Mr. and Mrs. J. O. Duncan of Gwinnett County. There is no attack here upon the

validity of that judgment. On June 10, 1949, Myron Allen Attaway, the father of the children, brought habeas corpus against Mr. and Mrs. Duncan, and in that proceeding prayed that permanent custody and control of his children be awarded to him. His petition alleges that his fitness and ability to properly rear and care for the children have so materially changed since they were awarded to the respondents that it will now be to the best interest of the children to place them in his custody. He also alleged that the home of the respondents is an unsuitable place for the children, because his former wife, the mother of the children, is residing there, she being a woman of immoral character. The respondents, by their answer, denied this. After hearing the evidence, the judge refused to make any change in the status of the children, and the case comes up on an exception to that judgment.

On the call of the case in this court, a motion was made to dismiss the writ of error, on the ground that a consideration of the evidence will be necessary to determine the issue presented thereby, and that some of the evidence has not been properly brought up. In cases of this character, the discretion of the trial judge is not controlled by this court unless it has been abused, and necessarily, for the purpose of determining that question, we must have all of the evidence before us. It appears from the record that the plaintiff sought to prove his side of the case by oral testimony and also by affidavits. His oral testimony and some of his affidavits are incorporated in the bill of exceptions. The respondents submitted their proof by affidavits. They also introduced in evidence the school record of one of the children. The bill of exceptions contains a recital that the affidavits submitted both by the plaintiff and the respondents are material to a clear understanding of the errors complained of, and they are specified as a part of the record which should be transmitted to this court; but none of them are attached as exhibits nor in any way identified by the trial judge. There is no recital in the bill of exceptions that the defendants' documentary evidence is material, and no direction was given by the judge that it be transmitted. In his certificate to the bill of exceptions, the trial judge ordered the clerk "to, make out a complete copy of such parts of the record in said case as are in

the bill of exceptions specified, and certify the same as such, and cause the same to be transmitted to the Supreme Court that the errors alleged to have been committed may be considered and corrected." In obedience thereto, the clerk has copied in full a large number of affidavits and transmitted them to this court purportedly as a part of the record; but there is nothing in the record, in so far as the transcript is concerned, to show any identification of them by the judge, or that they have in fact become a part of the record. Except in the manner stated above, the evidence is not otherwise before us. If we are to follow, as we must, a long and unbroken line of decisions by this court, the error assigned in the present case cannot be considered because the question presented for decision unquestionably requires an examination of the evidence, and we have reached the conclusion that there is merit in the movants' contention that some of the evidence has not been properly brought up. It has been a settled rule of practice in this State for a long time that in cases like the one at bar the evidence must be brought up in the bill of exceptions, or attached thereto as exhibits, duly and properly identified by the trial judge, or be embodied in an approved brief of evidence and brought up as a part of the record. *Colquitt* v. *Solomon,* 61 *Ga.* 493; *Cawthon* v. *State,* 119 *Ga.* 395 (46 S. E. 897); *Roberts* v. *City of Cairo,* 133 *Ga.* 642 (66 S. E. 938); *Rushing* v. *DeLoach,* 149 *Ga.* 483 (100 S. E. 571); *Smith* v. *Buchanan,* 182 *Ga.* 250 (185 S. E. 317); *McElveen* v. *O'Kelley,* 193 *Ga.* 824 (20 S. E. 2d, 69). In the *Colquitt* ·case, supra, the·court, in an effort to make plain the modes of bringing evidence to this court, said, in part: "*If no motion for new trial.* Incorporate the evidence in the bill of exceptions somewhere. It may be the first thing, or the last thing before the judge's certificate, or it may come at any intermediate place. Or, let it follow the judge's certificate as an exhibit, referring to it as such in the bill of exceptions, and having the judge to place his signature to or upon the exhibit to identify it as the same to which the bill of exceptions refers." And in *Roberts* v. *City of Cairo,* supra (headnote 2), this court said: "Where a bill of exceptions stated that certain affidavits were introduced in evidence by the plaintiff, naming the affiants, and that they were attached to the bill of exceptions as exhibits, marked with cer-

tain letters of the alphabet, and after the certificate of the presiding judge appeared what purported to be copies of certain affidavits, but they were not identified by any signature of the judge, and the plaintiff sought to bring up other affidavits introduced by the defendant by reference to them in the bill of exceptions and including therein a direction that the clerk send them to this court as parts of the record, of which they were not properly a part, this was not a correct mode of bringing the evidence to this court." Illustrative of this court's strict application of the rule for bringing up evidence, it was held in the *Cawthon* case, supra: "This court cannot consider as a brief of evidence a document appearing as such in a record or bill of exceptions, unless · the record or bill of exceptions affirmatively shows that the document has been approved as correct by the trial judge. And this is true even in a case where counsel agree in the Supreme Court that the document is a correct brief of the evidence and may be considered as such." As previously pointed out in this opinion, there are three ways, in cases like the present one, for bringing up the evidence, and it appears from the record that the plaintiff in error has elected to bring up his oral testimony and some of his affidavits by incorporating them in the bill of exceptions but, as to other affidavits introduced by the plaintiff, and all of the affidavits and certain documentary evidence introduced by the defendants, neither method has been employed. To be brought up in the transcript as a part of the record, the affidavits and the documentary evidence should have been briefed, the brief should have been approved by the trial judge, an order should have been obtained directing the clerk to file the approved brief as a part of the record, and the bill of exceptions should have specified the brief of evidence as a material part of the record to be transmitted to this court. The rule of practice which must be followed in bringing up the evidence in cases to be considered by this court has often been announced by us; but we see from looking at our reported cases that it is frequently not followed. And, again, in the present case, we must hold, but regretfully so, that the rule has not been complied with, and since the burden is upon him asserting error to show it affirmatively by the record (*Smith* v. *State,* 203 *Ga.* 637, 47 S. E. 2d, 866), and this can be done in the case at

bar only by a consideration of the evidence, we will assume that the judgment is correct and affirm it.

*Judgment affirmed. All the Justices concur.*