18348. WILLIAMS *v.* THE STATE.

SUBMITTED SEPTEMBER 16, 1953—DECIDED OCTOBER 14, 1953—
REHEARING DENIED NOVEMBER 12, 1953.

208

*Carter Goode, Ellis M. Creel, Goode & Creel,* for plaintiff in error.

*Paul Webb, Solicitor-General, Carl B. Copeland, William E. Spence, Charlie O. Murphy, Eugene Cook, Attorney-General, J. R. Parham, Assistant Attorney-General,* contra.

DUCKWORTH, Chief Justice. 1. In *Connell* v. *State,* 153 *Ga.* 151 (111 S. E. 545), this court held that it was not error to charge as follows: "A reasonable doubt means exactly what it says—a doubt that is founded upon reason. A reasonable doubt may grow out of the evidence, or the want of evidence, or be engendered by the defendant's statement. While the law requires the State to demonstrate beyond a reasonable doubt, the law does not require the State to demonstrate the guilt of the defendant to a mathematical or an absolute certainty, and the reasonable doubt is not a vague, conjectural doubt; it is not a fanciful doubt. It is not an imaginative doubt, neither does it mean a possibility that the defendant may be innocent; but, as I said to you just now, it means a doubt that is founded upon

reason." The charge complained of here in special grounds one and two is in all material respects identical with the above-quoted charge which was approved by this court. There is no merit in these grounds. Nothing was ruled in *Wilson* v. *State,* 8 *Ga. App.* 816 (70 S. E. 193), *Wilson* v. *Harrell,* 87 *Ga. App.* 793 (75 S. E. 2d 436), *Macon Ry. &c. Co.* v. *Vining,* 123 *Ga.* 770 (51 S. E. 719), which are relied upon by movant, that would authorize a ruling sustaining either of these grounds. It is certainly not harmful to the accused for the trial judge to instruct a jury that doubts of guilt of the accused must be real and actual and not fanciful or imaginary, and that is in substance what the charge complained of instructed the jury in this case.

2. The third special ground complains of the failure to charge without request the law embodied in Code § 38-420 as relates to a confession. There is evidence in this record showing that the defendant made a written statement which was sworn to, and in which the accused admitted killing the deceased while he was in the act of robbing him by force, and in which it is stated that the gun which the defendant was holding in his hand was discharged by something hitting the hand holding the gun, and the shot killed the deceased. Whether or not the claim that the gun was discharged in the manner stated by the accused would prevent the statement from constituting a confession—and, as to this, see *Solesbee* v. *State,* 204 *Ga.* 16 (48 S. E. 2d 834), and if it be conceded that there was evidence of a confession—it was nevertheless not error to fail to charge on the law of confession in the absence of a written request, duly made, so to charge. *Patterson* v. *State,* 124 *Ga.* 408 (52 S. E. 534); *Nail* v. *State,* 125 *Ga.* 234 (54 S. E. 145); *Pierce* v. *State,* 132 *Ga.* 27 (63 S. E. 792); *Thomas* v. *State,* 150 *Ga.* 269 (103 S. E. 244); *Green* v. *State,* 154 *Ga.* 394 (114 S. E. 361). It follows that this ground is without merit.

3. The fourth special ground assigns error upon the ruling admitting in evidence the verified statement of the accused referred to in the preceding division, wherein he admitted the killing with which he was charged in the indictment, and admitted that it occurred while he was in the act of robbing the deceased by force, and stated that the gun which was being used to commit the robbery was discharged by accident; the grounds of ob-

jection are that no proper foundation had been laid for introducing the confession, that the evidence, as a whole, showed the defendant was in custody of the police officers for 14 hours, being examined and moved from the cell from time to time, that he was arrested prior to 8:30 a. m., and that there was proof of what happened prior to that time, and hence the confession was not free and voluntary. Bearing on this ground, the record shows Officer Holland testified that before the statement was made neither he nor anyone else in his presence said anything to the accused to induce the statement, nor did anyone offer him a reward or hope of benefit or make any threats against him. This witness testified further that a Captain Duncan advised the accused of his rights, advised him that he could say whatever he wanted to about it, that he did not have to say anything about it, and that the accused, after being so advised, voluntarily stated the contents of the written statement to a Mrs. Herndon, who typed it, and the accused read it over before he signed it. The evidence was sufficient to authorize the introduction of the signed statement in evidence. *Downs* v. *State*, 208 *Ga.* 619 (68 S. E. 2d 568). Counsel for the movant have called our attention to no evidence and we have found none in this record to indicate that there was any improper imposition, coercion, or persuasion exerted on the accused as a means of obtaining the statement. On the evidence of the State it appears that it was freely and voluntarily made. Under the showing made, the statement was properly admitted in evidence over the objection interposed.

4. The fifth special ground assigns error upon the action of the court in overruling the objection of the defendant to the introduction in evidence of a bullet which the witnesses testified was taken from the body of the deceased, and which was of .32 caliber that could have been discharged from a .32 Colt pistol, which the evidence shows was pawned by the defendant for $15 after the killing, the objection being that there was no evidence showing that the bullet in question was shot from the revolver in evidence. Certainly the burden was on the State to prove the corpus delicti, and the bullet together with the testimony relating thereto constituted evidence of the corpus delicti, and it was admissible for this purpose. *Odum* v. *State*, 183 *Ga.* 854 (190 S. E. 25). Since the revolver introduced is clearly shown

to have come from the defendant, and since the bullet is shown to have killed the deceased, these circumstances were both proper evidence, and the jury would have been authorized to have deduced therefrom that both contributed to the commission of the crime. This ground is without merit.

5. The final special ground complains because the court overruled the movant's objection to the testimony of the State's witness Zimmerman, the employer of the deceased at the time of the killing, who testified that he made regular daily trips to the store and was familiar with its operations and with the cash register and the cash-register tape which recorded all sales. The portion of the testimony of this witness objected to was, in substance, his explanation of how, by deducting certain cash from money left in the register, the total sales for the day on which the crime was committed were $858.73; grounds of objections to the testimony being that it was irrelevant, immaterial, prejudicial, and hearsay, and that it was based on facts not within the knowledge of the witness. In support of this ground, counsel rely upon *Myers* v. *State*, 97 *Ga.* 76 (25 S. E. 252). We find no error in the ruling allowing the witness to give the testimony objected to. As owner of the business, cash register and tape, the witness had an interest in knowing how to check upon the operation of the business as conducted by his employee, and by his practice of daily inspection he had become familiar with the cash register and how to make such checks. And finally his testimony was clearly a mere explanation of the physical fact as revealed by the cash register, and the jury undoubtedly so understood. The court did not err in overruling the objections to the testimony.

6. While counsel's brief merely refers to the general grounds by "respectfully request a review of the record by the court, and a decision whether the evidence supports the verdict, since the jury failed to recommend mercy," and offers no argument whatever in support of these grounds—we have nevertheless examined the evidence as set out in the statement of facts preceding this opinion, and it clearly and amply supports the verdict.

*Judgment affirmed. All the Justices concur.*