### 20446. FERGUSON v. THE STATE.

Hawkins, Justice. Billy Ferguson was convicted in Douglas Superior Court of murder without a recommendation, and sentenced to death by electrocution. The record discloses that, on July 17, 1958, at about 7:30 o'clock a.m., the defendant went to the place of business of Luke A. Brown and employed him to repair the radio in the defendant's automobile; that while there he took a pistol hanging on a nail in Brown's place of business and put it in his pocket; that, after Brown replaced the radio in the defendant's car, he returned to the inside of his place of business, where the defendant shot him in the back with Brown's own pistol; that Brown fell to the floor and the defendant shot him twice more, took Brown's billfold from his pocket, placed both the billfold and pistol in the defendant's own pocket, and later hid them in the attic over a closet in the place where he resided, where they were found by the police officers. The defendant was taken into custody between 10 and 11 o'clock in the morning on July 17, 1958, and was carried to the courthouse and jail, and about 4 o'clock in the afternoon he freely and voluntarily made and signed a written confession, after being advised by the officers that he did not have to make a statement unless he wanted to; that any statement he might make might be used against him in court, and upon being asked if he would like to have counsel or an attorney, stated he didn't need it. The verdict

of guilty was returned by the jury on September 25, 1958. The defendant duly filed his motion for a new trial, containing the general grounds and five special grounds, and to the judgment denying the motion as amended he excepts. *Held:*

1. The evidence amply supports the verdict, .and the general grounds of the motion for a new trial are without merit.

2. The first special ground of the motion for a new trial, complaining of the admission in evidence of a described pistol as the alleged murder weapon, upon the ground that there was no evidence or testimony that positively identified the weapon as being the gun from which the fatal bullet was fired, is without any merit whatsoever. The pistol was not only positively identified by the testimony of several witnesses, among them the officers who found it at the place where the defendant said he placed it, but also by the testimony of the officers that, when the pistol was shown to the defendant, he stated that it was the pistol he used to shoot Luke Brown that morning. *Williams* v. *State,* 210 *Ga.* 207 (4) (78 S. E. 2d 521).

3. Special ground 2 shows, that when the defendant was called to the witness stand, his counsel propounded to him the following questions: "Q. Your name is Billy Ferguson? A. Yes, sir. Q. Let me ask you, have you murdered anybody?" The solicitor-general then objected upon the ground, "That is highly irregular and improper. There is no authority for counsel questioning the witness." Thereupon counsel for the defendant insisted that to deny the defendant the right to have his counsel question him violated the defendant's right to have the benefit and assistance of counsel, as guaranteed by articles VI and XIV of the Constitution of the United States (Code §§ 1-806 and 1-815), and by art. 1, sec. 1, par. 5 of the Constitution of Georgia (Code, Ann., § 2-105), and thereupon the trial judge ruled: "However logical your argument may be, I am compelled to hold that you do not have the right to do anything more than instruct your client as to his rights, and that you have no right to question him on direct examination." It is insisted that this ruling by the trial judge was violative of the constitutional provisions above referred to, and that this ruling and colloquy in the presence of the jury, without the court upon its own volition having the jury removed from the courtroom, was erroneous, highly prejudicial and harmful to the defendant. *Held:*

(a) Article VI of the Constitution of the United States (Code § 1-806) has no application to prosecutions in State courts. *Wilburn* v. *State*, 141 *Ga.* 510 (2b) (81 S. E. 444); *Moore* v. *State*, 151 *Ga.* 648 (108 S. E. 47).

(b) The constitutional provisions granting to persons charged with crime the benefit and assistance of counsel confer only the right to have counsel perform those duties and take such actions as are permitted by the law; and to require counsel to conform to the rules of practice and procedure, is not a denial of the benefit and assistance of counsel. It has been repeatedly held by this court that counsel for the accused cannot, as a matter of right, ask the accused questions or make suggestions to him when he is making his statement to the court and jury. Code § 38-415; *Corbin* v. *State*, 212 *Ga.* 231 (7) (91 S. E. 2d 764, 351 U. S. 987, 76 S. Ct. 1057, 100 L. Ed. 1501), and cases there cited.

(c) It was not error for the court to fail to exclude the jury during the colloquy and ruling here complained of.

4. The third special ground of the motion for new trial excepts to the admission in evidence of the written confession of the defendant. There was evidence that this confession, at the time and place and under the circumstances detailed in the foregoing statement of facts, was freely and voluntarily made, without being induced by another, by the slightest hope of benefit or remotest fear of injury, and the trial judge in his charge left to the jury the question of whether or not it was so made, with instructions to disregard it if it was not. That the confession was made while the defendant was in custody and prior to indictment, and before any warrant was issued or formal charge was made against the defendant, or the fact that the defendant was not thereafter carried before an officer authorized to receive an affidavit and issue a warrant within the time prescribed by the act of 1956 (Ga. L. 1956, p. 796; Code, Ann., § 27-212), would not render the confession inadmissible. Code § 38-411; *Wilburn* v. *State*, 141 *Ga.* 510 (5), supra; *Downs* v. *State*, 208 *Ga.* 619 (68 S. E. 2d 568); *Williams* v. *State*, 208 *Ga.* 704 (69 S. E. 2d 199). The fact that a defendant might be illegally detained at the time of making a statement does not render it inadmissible in a State court. *Stein* v. New York, 346 U. S. 156 (2d) (73 S. Ct. 1077, 97 L. Ed. 1522).

(a) The decisions of the Supreme Court of the United States in

McNabb *v.* United States, 318 U. S. 332 (63 S. Ct. 608, 87 L. Ed. 819), and Mallory *v.* United States, 354 U. S. 449 (77 S. Ct. 1356, 1 L. Ed. 2d 1479), relied on by counsel for the defendant, deal with Federal rules of criminal procedure applicable to trials of criminal cases in the Federal courts and have no application here.

5. In special ground 4 of the motion for new trial, the movant contends that a named juror was disqualified to serve as such because related to the solicitor-general within the third degree, and in special ground 5 it is contended that two or more named jurors were disqualified to serve because of prejudice and bias against the defendant. *Held:*

(*a*) The solicitor-general in the prosecution and trial of a criminal case is acting in an official capacity as an officer of the court, and is not such a "party interested in the result of the case or matter" as that relationship to him would disqualify a juror to serve in a criminal case. Code § 59-716.

(*b*) Whether or not the affidavits of the defendant and his counsel in support of these grounds are sufficient as to their lack of knowledge of such alleged disqualifications and of their inability to discover this by the exercise of proper diligence, the order and judgment of the trial court denying the motion recites that, when the motion came on for a hearing on December 19, 1958, both parties thereto requested additional time in which to submit additional evidence and written arguments thereon, which was duly granted by the court, allowing all parties until January 25, 1959, in which to submit further evidence and argument; and "after review of additional evidence submitted in behalf of both parties, the court finds as a matter of fact" that counsel for the defendant did not inquire of the jurors at the time they were being examined, "Are you related to the solicitor or to any one in his office or anyone around the table?" and that the evidence adduced on the hearing of the motion failed to show the existence of any bias or prejudice on the part of any jurors sworn to try said case. The record contains none of the evidence adduced upon the hearing of the motion on January 25, 1959, and this court has no way of determining whether or not the trial judge abused his discretion in overruling these grounds of the motion for new trial. *Hall* v. *State*, 141 *Ga.* 7 (80 S. E. 307); *Tolie* v. *State*, 184 *Ga.* 518 (192 S. E. 35); *Kennedy* v. *State*, 191 *Ga.* 22 (6) (11 S. E. 2d 179); *Verdery* v. *Campbell*, 203 *Ga.*

211 (46 S. E. 2d 66); *Butts* v. *State,* 211 *Ga.* 16 (83 S. E. 2d 610).

6. It was not error for any reason assigned to deny the motion for a new trial as amended.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 14, 1959—DECIDED MAY 8, 1959—
REHEARING DENIED JUNE 5, 1959.

*Paul James Maxwell,* for plaintiff in error.

*Dan Winn, Solicitor-General, John T. Perren, Assistant Solicitor-General, Robert J. Noland, Eugene B. Brown, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.

ON MOTION FOR REHEARING.

In paragraph 3 of the motion for rehearing counsel for the plaintiff in error cited the case of *Northwest Atlanta Bank* v. *Zec,* 196 *Ga.* 114 (26 S. E. 2d 183), wherein this court held that, in compliance with Code § 6-810, it would order the clerk of the trial court to certify and send up to this court any additional record in the trial court where it appeared from argument of counsel or in consideration of the case that there was such record and that it was necessary in order fully and fairly to adjudicate the questions in issue; and requested this court to have certified and transmitted to this court the evidence adduced upon the hearing of the motion for a new trial in support of grounds 4 and 5 thereof. In response to such an order issued by this court, the clerk of the trial court certified that "no approved brief of the evidence adduced at the hearing of the motion for new trial in said case has been filed in this court." While the certificate further discloses that there is of file a report of the evidence, depositions, and counter-showing of the State, it is not made to appear that the report of evidence has been properly briefed (*Evans* v. *Anderson,* 214 *Ga.* 828, 108 S. E. 2d 268), or that it, the depositions, or counter-showing by the State have been approved by the judge so as to become a part of the record which could be transmitted by the clerk to this court, and they cannot now, since certification of the bill of

exceptions, be made a part of the record. *Glover* v. *State,* 128 *Ga.* 1 (3) (57 S. E. 101); *Sasser* v. *State,* 129 *Ga.* 541 (13, 14) (59 S. E. 255). Hence, no reversal of the judgment of the court below overruling these grounds of the motion for a new trial is legally possible. Code (Ann.) §§ 6-801—6-803; *Morrison* v. *Dodge,* 94 *Ga.* 730 (20 S. E. 422); *Epps* v. *Miller,* 127 *Ga.* 118 (1) (56 S. E. 123); *Summerlin* v. *State,* 130 *Ga.* 791 (61 S. E. 849); *Leathers* v. *Leathers,* 132 *Ga.* 211 (63 S. E. 1118); *Pharr* v. *Davis,* 133 *Ga.* 759 (66 S. E. 917); *Caldwell* v. *Sturdivant,* 155 *Ga.* 590 (118 S. E. 39); *Attaway* v. *Duncan,* 206 *Ga.* 230 (56 S. E. 2d 269).

*Motion for rehearing denied.*