## 22061. PISTOR v. THE STATE.

ARGUED JUNE 10, 1963—DECIDED JULY 3, 1963.

*Bagwell & Hames,* for plaintiff in error.

*Richard Bell, Solicitor General, Dennis F. Jones, Assistant Solicitor General,* contra.

ALMAND, Justice. Mrs. Hannelore Pistor and J. W. Pugh were jointly indicted by the grand jury of DeKalb County at the June term of the DeKalb Superior Court for the offense of murder. It was charged that they did, on May 4, 1962, kill and murder one Gottlob Pistor by shooting him with a rifle and gun. On the separate trial of the defendant Mrs. Pistor, she was found guilty, with a recommendation of mercy, and sentenced to life imprisonment. Her motion for a new trial on the general grounds and eleven special grounds was overruled and she seeks by her bill of exceptions to review the order denying a new trial.

Counsel for the defendant in their brief state that the issues involved in this appeal can be determined by the answer to two

questions, viz., (1) Was venue properly proved by the State, and (2) Was the trial court in error in admitting the confession secured from the defendant and her alleged co-conspirator.

■ *On the question of venue:* "All criminal cases shall be tried in the county where the crime was committed . . ." Art. VI, Sec. XIV, Par. VI of the Constitution of 1945 (*Code Ann.* § 2-4906). See also *Code* § 27-1101. "When any mortal wound shall be given . . . in one county, by which a human being shall be killed, who shall die thereof in another county, the indictment shall be found and the offender shall be tried in the county where the act was performed or done from which the death ensued." *Code* § 27-1104.

The defendant and her husband, Gottlob Pistor, lived in DeKalb County. On May 5, 1962, the defendant reported to the police that her husband was missing. On June 24, 1962, the badly burned body of Gottlob Pistor was found in an automobile, also badly burned, in Gwinnett County. Dr. Larry Howard, an expert witness for the State, testified that he examined the body and found a bullet wound in the left frontal area of the scalp just above the left eye and a radiating fracture in the right side of the skull. A mutilated .22 caliber bullet was found by Dr. Howard inside the skull. On the floor of the car were the remains of a .22 caliber rifle.

From his examination of the body Dr. Howard testified that in his opinion death was caused by the bullet wound.

In a signed statement Pugh stated that he shot the deceased four times with a rifle in the deceased's home in DeKalb County, put his body in an automobile and carried him to the place in Gwinnett County where his body was found, later went back, poured gasoline on the car containing the body and set it afire. At the trial Pugh was called as a witness for the defendant and there testified that he shot the deceased four times with a .22 caliber rifle in his home.

Under this evidence the jury was authorized to find that the mortal wound was inflicted in DeKalb County and that the venue for trial was properly laid in DeKalb County.

■ *On the question of the admission in evidence of the written confessions of the two defendants:* (a) As to the defendant Mrs. Pistor it is alleged that the testimony of certain officers

concerning their conversation with her preceding the signing of the alleged confession was inadmissible because, (1) no proper foundation had been laid, and (2) the proffered written statement was obtained in violation of the defendant's constitutional rights under the fourth and fifth amendments of the United States Constitution and under Art. I, Sec. I, Pars. II, III and V of the Georgia Constitution of 1945.

Detective Ivey, of the DeKalb County Police Department, testified that he had several conversations with the defendant after her husband's disappearance in April, that upon discovery of the body on June 24 he went to the residence of the defendant at about 10:30 p.m. where he found the defendant. He informed her at that time of finding the body of her husband and asked her to get dressed and go with him to police headquarters. According to detective Ivey's testimony Mrs. Pistor freely admitted him to the house as she had done on previous occasions when he had questioned her. While detective Ivey was waiting for Mrs. Pistor to get dressed he learned from other officers present at the scene that someone was trying to get out of the house by a window at the back. He discovered that it was J. W. Pugh. According to Ivey's testimony it was at that time that he actually placed Mrs. Pistor under arrest. Pugh was also arrested. They were taken to police headquarters. There Mrs. Pistor described in detail how she and Pugh planned and committed the killing. This was about 2 in the morning following her being taken into custody. The statement, containing the recital of sexual relations between the defendant and Pugh and their plans to kill the deceased, was reduced to writing. It recited the manner in which Pugh shot Gottlob Pistor with Pistor's own gun and how Pugh carried the body away. The written statement was made in the presence of detective Ivey and officer L. H. Stanley.

Because defendant was a native German and could speak only broken English one Siedfried Williges, a friend of the Pistors, was called at 5:30 a.m. in the morning of June 25th and the written statement of Mrs. Pistor was read to him in her presence. Williges asked her, in German, if she understood the statement and if it were true and she answered in the affirmative and Williges signed as a witness. A warrant had been issued for her

arrest before noon on June 25th. The preliminary examination of the officers before whom the alleged confession was made showed prima facie that it was freely and voluntarily made, and it became a question for the jury as to whether or not it should be received or rejected under the instruction of the court. *Bryant v. State*, 191 Ga. 686 (13 SE2d 820); *Garrett v. State*, 203 Ga. 756 (1) (48 SE2d 377). The fact that the alleged confession was made before a warrant had been executed does not render it inadmissible on the ground that it was made while the defendant was illegally detained. The Act of March 17, 1956, (Ga. L. 1956, p. 796; *Code Ann.* § 27-212) provides that in every case of an arrest without a warrant the person arresting shall without delay convey the offender before the most convenient officer authorized to receive the affidavit and issue a warrant, and such imprisonment does not become illegal per se unless such person is not conveyed before such officer within 48 hours of his arrest. Under *Code* § 27-207 an arrest may be made by an officer without a warrant if for some cause there is likely to be a failure of justice for want of an officer to issue a warrant. The evidence in the record shows that the arresting officers had reasonable grounds to suspect the defendant of being a party to the killing of her husband and that a failure of justice might result if an arrest was not made at that time. Probable cause for the arrest of Mrs. Pistor, even if it cannot be said to have been present at the time the officers were admitted to Mrs. Pistor's home, was most surely present at the time the arrest took place, which, according to the testimony of detective Ivey, was after he had discovered that the coconspirator Pugh was attempting to escape through a rear window of the house. Compare Ker v. California, 374 U. S. 23 (83 SC , 10 LE2d 726).

Before noon on June 25th following the defendant's detention on the evening of June 24th, a warrant was issued for her arrest. The fact that the alleged confession was made before the warrant was issued and was made in the absence of advice of counsel does not demand a finding that the statement of the defendant was not freely and voluntarily given. Such factors were circumstances to be considered by the jury in determining the question under the court's charge of whether or not the statement was

voluntary. *Smith v. State,* 218 Ga. 216 (5) (126 SE2d 789).
See also *Ferguson v. State,* 215 Ga. 117 (4) (109 SE2d 44);
Crooker v. California, 357 U. S. 433 (78 SC 1287, 2 LE2d 1448);
Culombe v. Connecticut, 367 U. S. 568 (81 SC 1860, 6 LE2d 1037).

Special grounds 4 through 8 of the motion for new trial, all of
which relate to the admission in evidence of the alleged confession
of the defendant, are without merit.

(b) Special ground 9 complains of the admission in evidence
of the alleged confession of the defendant, J. W. Pugh. On
Mrs. Pistor's trial the defendant Pugh testified on her behalf and
denied that he had ever made a statement or confession implicating
the defendant as a party to the killing. The State offered in
evidence an alleged written confession, dated June 25, 1962, in
which Pugh stated that the defendant was a party to the plot, the
killing and the disposal of the body of the deceased. There was
evidence that this was freely and voluntarily made. In his testimony
before the jury he took the sole blame for the killing.

The alleged confession of the co-indictee was offered in evidence
for the purpose of impeachment. For this purpose, if no
other, the admission of the alleged voluntary confession was not
error. See *Douberly v. State,* 184 Ga. 573 (2) (192 SE 223).

■ The evidence, direct and circumstantial, supports the contention
of the State that the death of the deceased resulted from
a bullet wound from a rifle fired by the co-indictee Pugh, and
that Pugh and the defendant, the wife of the deceased, had been
engaged in an illicit relationship, and had jointly planned and
carried into execution the way and manner in which the husband
of this defendant was slain and his body burned. The evidence
fully supports the verdict of the jury that the defendant, she being
a party conspirator though she did not fire the fatal shot that
snuffed out the life of her husband, was just as responsible as
Pugh for his death and liable as a principal.

There was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*