## LENNARD *v.* THE STATE.

1. A plea in abatement, attacking an indictment on the ground that the oath required by law was not administered to a named witness upon his examination by the grand jury, was not good without alleging that the indictment was found true solely upon the testimony of this witness.
2. If any error in rejecting evidence was committed, it does not appear that the same was sufficiently material to warrant this court in setting aside a verdict approved by the trial judge.

Argued May 16, — Decided May 25, 1898.

Indictment for selling liquor without license. Before Judge Butt. Talbot superior court. March term, 1898.

Persons, McGehee & Persons, J. M. Matthews and J. J. Bull, for plaintiff in error. S. P. Gilbert, solicitor-general, contra.

LITTLE, J. The plaintiff in error was indicted for a misdemeanor. The charge was selling spirituous liquors without a license. When the accused was arraigned, he filed a plea in

abatement, the material part of which is as follows: "The oath prescribed by law to be administered to witnesses before the grand jury, to wit: 'The evidence you shall give the grand jury, in this bill of indictment or presentment of the State against Mathews Lennard, shall be the truth, the whole truth, and nothing but the truth; so help you God,' was not administered to the witness before said grand jury against this defendant, which witness was Alf Douglass, as by statute made and provided; but the oath administered to said witness was as follows, to wit: 'The evidence you shall give the grand jury as to John Marshall, Jack Hall, Cain Chester, George Hill, Wess Freeman, Wess Persons, Westley Wright, Hilliard Trice, Henry Johnson, and Noah Mahone, and Mathews Lennard, for selling liquor without license, shall be the truth, the whole truth, and nothing but the truth; so help you God.'" This plea was demurred to, and the demurrer was sustained by the court. On the trial, Alfred Douglass was introduced as a witness for the State, who testified that he had purchased one and a half pints of whisky from the plaintiff in error, in Talbot county, in the month of December preceding the trial. On cross-examination, counsel for the accused asked the witness: "Are you not a witness against a good many parties charged with whisky-selling?" To which the witness answered, "Yes, one or two." Counsel then asked: "Are you not a witness against George Hill?" To this question and the evidence sought to be elicited thereby, objection was made by the solicitor-general. The bill of exceptions recites that the defendant's counsel then stated to the court that this witness was an informer, who had informed the grand jury of a number of persons, charging them with retailing whisky without a license. The court sustained the objection made to the question. The accused, in his statement, denied selling the whisky. The jury returned a verdict of guilty, and thereupon the plaintiff in error sued out a bill of exceptions to this court, and assigns as the errors committed by the judge in the trial of the case: 1st, sustaining the demurrer to the plea in abatement. 2d, sustaining the objection made by the State to the question asked of the witness Douglass: "Are you not a witness against George Hill?"

1. In our opinion, the plea in abatement filed in this case is not full enough to require a reversal of the judgment of the court below in sustaining a demurrer to the same. It is true that the plea states that the oath required by law to be administered to witnesses before the grand jury was not administered to Alf Douglass "who was the witness before said grand jury against this defendant." The plea, however, does not plainly and explicitly aver that Alf Douglass was the only witness sworn by the grand jury in their examination of the case. So far as the averments of the plea are concerned, the oath set out may have been administered to Alf Douglass, and the legal oath to some other witness or witnesses before that body in its investigation of the case. An entry on the bill of indictment shows that the defendant, at his trial, waived a copy of the bill of indictment and list of the witnesses who were sworn before the grand jury. The defendant was entitled, on demand, to have the names of the witnesses who were sworn before the grand jury, and if, after having received this information, it had been averred that such witnesses were improperly sworn as set out in the plea, then, so far as I am concerned, I should hold that the bill of indictment preferred was not a legal and sufficient one. The bill of indictment, as copied in the record, does not have indorsed on it the name of any witness who testified before the grand jury; but even if it had the name of Alf Douglass referred to in the plea, and who was the only witness for the State on the trial, under the authority of the case of Bird v. State, 50 Ga. 585, it would have been proper to have sustained the demurrer. It is not sufficient to merely aver that the proper oath was not administered "to the witness before the grand jury against this defendant, which witness was Alf Douglass"; and inasmuch as the plea did not in terms apply to all the witnesses who were sworn by the grand jury, but was restricted to one witness, and did not make it affirmatively appear that this witness was the only one sworn by the grand jury in the case, in our opinion the demurrer was properly sustained.

2. We are not inclined to hold that the question asked of the witness on the trial: "Are you not a witness against George

Hill?" is objectionable.　We do not think it to be material.
The fact that the witness who testified was or was not a witness against George Hill, would not of itself have been sufficient to have discredited his testimony.　If it is true, it might have gone to the jury as a circumstance to affect the credit of the witness; but its force was not sufficient of itself to discredit the testimony of the witness.　The defendant gave as a reason why this question should have been sustained, that the witness was an informer who had informed the grand jury of a number of persons charged with a similar offense.　If the witness had answered the question asked, it would not have established this proposition; and while all such testimony can go to the jury for their consideration in passing on the credibility of witnesses, the particular question which the judge refused to allow the witness to answer, on objection by the State, was not in itself sufficiently material to have affected the verdict, and not being so, this court is not warranted in setting it aside on that ground.

*Judgment affirmed.　All the Justices concurring.*