## PULLIAM *v.* DONALDSON.

1. Where one is brought to trial under an indictment or an accusation, and the name under which the State seeks to arraign him is not his, such defect in the indictment or accusation may be taken advantage of by a plea of misnomer filed before arraignment. After conviction or plea of guilty it is too late to attack the indictment, because of the misnomer.
2. An accusation charging that a named person "did play and bet for money or other thing of value, at a game of skin or other games played with cards, contrary to the laws of the State," etc., while defective and subject to special demurrer, is not void; and if the defendant named in an accusation so framed pleads guilty, it is too late afterwards, in proceedings instituted to secure the release of the defendant under the writ of habeas corpus, to attack the accusation upon that ground.

NOVEMBER 18, 1913.

Habeas corpus.   Before Judge Ellis.   Fulton superior court. March 3, 1913.

*Calhoun & Connally,* for plaintiff.

*Rosser & Brandon,* for defendant.

BECK, J.   In the criminal court of Atlanta, to an accusation charging George Pullman with the offense of misdemeanor "for that the said George Pullman . . did play and bet for money or other thing of value, at a game of skin or other games played with cards, contrary to the laws of the State," etc., a plea of guilty was entered by the defendant, and he was sentenced to work and labor on the public works of Fulton county.   Subsequently to the sentence aforesaid Will Pulliam, alleging himself to be a brother of George Pulliam, brought a petition for habeas corpus against Thomas J. Donaldson as superintendent of the Fulton county stockade or chain-gang, alleging that he was unlawfully restraining the liberty of George Pulliam; that the detention was illegal, because the sentence was void; that the accusation was void, because it charged no crime, but charged the accused with playing or betting for money or other thing of value at the game of skin or other game played with cards, the charge being in the alternative,

and it not appearing that the game of skin was played with cards; and that the accusation did not charge George Pulliam with any offense, but charged George Pullman with the commission of a misdemeanor, and George Pulliam has never been known as George Pullman. The judge hearing the application denied it, and exception was taken.

1. The judge properly held that the prisoner was not entitled to be discharged under the allegations of the petition. If the accused was not named George Pullman, he could have taken advantage of the misnomer by a plea before arraignment. It was too late to do this after conviction.

2. The accusation was not void. The pleading was bad, as was ruled in the case of *Haley* v. *State*, 124 *Ga.* 216 (52 S. E. 159); but the defect should have been taken advantage of by special demurrer, as was done in that case.

*Judgment affirmed. All the Justices concur.*

---

### ERRATA.

Page 60, line 2 from bottom:  For 774 read 74.
Page 122, line 16 from bottom:  Add *J. H. Tipton.*
Page 421, line 17 from bottom:  For creditor read debtor.
Page 465, line 12 from bottom:  For 564 read 560.