WHITAKER et al. v. HITT, United States Commissioner, et al.

(Court of Appeals of District of Columbia. Submitted October 1, 1922. Decided November 6, 1922.)

No. 3815.

1. **Commerce ☞3—Limiting definition of interstate commerce for purpose of offense does not invalidate statute.**

The fact that the definition of interstate or foreign commerce, within Act Oct. 29, 1919, c. 89, forbidding the transportation of stolen motor vehicles in interstate or foreign commerce, was not as broad as the term "commerce" used in the Constitution, does not invalidate the act, since Congress can make criminal a particular use to which one or more of the instrumentalities of interstate commerce may be applied, to the exclusion of all others.

2. **Commerce ☞33—Driving stolen automobile from one state to another is "interstate commerce."**

The driving of a stolen automobile from one state to another under its own power is "interstate commerce," even though no goods or passengers were transported therein for hire.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

3. **Habeas corpus ☞95—Validity of statute not inquired into in proceedings to prevent removal for trial.**

In habeas corpus proceedings to prevent the removal of petitioners to another district for trial, the court will not inquire into the validity of the statute on which the prosecution is based, since that is a question primarily for the trial court in the jurisdiction where the indictment was found.

4. **Criminal law ☞242(4)—Indictment for transporting stolen automobile into another state held sufficient to prevent removal.**

An indictment charging, substantially in the language of the statute, that defendants, knowing an automobile had been stolen and was not their property, and that they did not have the consent and permission of the owner, transported it from one state to another, is sufficient to warrant the removal of petitioners to another district for trial under the indictment.

5. **Criminal law ☞242(4)—Formal defects in indictment do not prevent removal to another district for trial.**

Alleged formal defects in the indictment will not prevent the removal of petitioners to another district for trial under the indictment, though, if the indictment were a mere information, or obviously set forth no crime against the United States, or a wholly different crime from that alleged as the basis of the proceedings, it could not form probable cause for such removal.

Appeal from the Supreme Court of the District of Columbia.

Petition by Norman T. Whitaker and another against Isaac R. Hitt, United States Commissioner, and others, for writs of habeas corpus to prevent the removal of petitioners to the Southern district of the state of California for trial on an indictment returned against them in that district. Petition denied, and petitioners appeal. Affirmed.

Paul B. Cromelin, W. J. Neale, and R. T. Scott, all of Washington, D. C., for appellants.

Peyton Gordon and J. H. Bilbrey, both of Washington, D. C., for appellees.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellants filed a petition in the Supreme Court of the District of Columbia, praying that writs of habeas corpus issue to prevent their removal to the Southern district of the state of California, where they had been indicted for unlawfully transporting in interstate commerce a stolen automobile from the state of New Jersey to the state of California.

The power of the court is invoked on the ground that the act of Congress under which the indictment was found is unconstitutional and void, in that its enactment is beyond the power of Congress under the commerce clause of the Constitution of the United States; that the act is vague, uncertain, and indefinite; that the indictment is defective, in that it does not allege ownership of the vehicle transported, the value of the vehicle, or directly charge that the vehicle was stolen; and that the bail required by the commissioner was illegal and void.

The indictment was found under the Act of Congress of October 29, 1919, c. 89 (41 Stats. 325), forbidding the transportation of stolen motor vehicles in interstate or foreign commerce. The act among other things provides:

"That whoever shall transport or cause to be transported in interstate or foreign commerce a motor vehicle, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both." Section 3.

The act defines the term "motor vehicle" to— ·

"include an automobile, automobile truck, automobile wagon, motorcycle, or any other self-propelled vehicle not designed for running on rails."

[1] The term "interstate or foreign commerce," is defined in the act as follows:

"The term 'interstate or foreign commerce' as used in this act shall include transportation from one state, territory, or the District of Columbia, to another state, territory, or the District of Columbia, or to a foreign country, or from a foreign country to any state, territory, or the District of Columbia."

It is apparent from the language used that Congress was merely giving a definition of the meaning of the term "interstate or foreign commerce" as used in the act, and not attempting to place any limitation upon the word "commerce" as used in the Constitution. In defining a criminal offense arising in interstate commerce, it is competent for Congress to limit it in terms to the commercial transaction covered by the act, the infraction of which is made criminal by the statute. In other words, Congress may make criminal a particular use to which one or more instrumentalities of interstate commerce may be applied to the exclusion of all others; and in so doing it places no limitation whatever upon its broad jurisdiction to regulate interstate commerce generally, as provided in the Constitution.

[2] But it is urged that the mere driving of a stolen automobile from one state to another, is not interstate commerce within the commerce clause of the Constitution. The transportation, it is contended,

must be by common carrier for hire, or the vehicle must have been used to carry passengers or freight for hire, or be transported for sale or hire. In Kelly v. United States, 277 Fed. 405, which involved the trial of an offense under the statute before us, the Circuit Court of Appeals of the Fourth Circuit, in considering the charge of the trial court to the effect that moving a stolen automobile under its own power from one state to another was transportation in interstate commerce, said:

"We are of the opinion that this instruction is sanctioned by repeated decisions of the Supreme Court construing and upholding an analogous statute. To penalize the transportation of a given article is in effect to prohibit its transportation. And if the Congress may prohibit the interstate transportation of lottery tickets (Champion v. Ames, 188 U. S. 321, 23 Sup. Ct. 321, 47 L. Ed. 492), of impure foods and drugs (Hipolite Egg Co. v. United States, 220 U. S. 45, 31 Sup. Ct. 364, 55 L. Ed. 364), of intoxicating liquors into a prohibition state, even for personal use (Clark Distilling Co. v. Western Maryland Ry. Co., 242 U. S. 311, 37 Sup. Ct. 180, 61 L. Ed. 326, L. R. A. 1917B, 1218, Ann. Cas. 1917B, 845), and of women and girls for an immoral, though noncommercial purpose (Caminetti v. United States, 242 U. S. 470, 37 Sup. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168), we perceive no reason, constitutional or other, why it may not in like manner prohibit the interstate transportation of motor vehicles known to have been stolen."

In Kelley v. Rhoads, 188 U. S. 1, 23 Sup. Ct. 259, 47 L. Ed. 359, the court had under consideration the power of the state of Wyoming to tax sheep driven from the state of Utah across Wyoming, a distance of about 500 miles, to Pine Bluffs station, for shipment into the state of Nebraska. It was held that, notwithstanding the sheep might have been transported by rail from Utah to Pine Bluffs, the method employed of driving them on foot was a proper method of transportation, and that the tax imposed was illegal and void, in that it placed a burden upon interstate commerce. Thus it appears that the method employed for transferring property from one state into another is not important, since the mere act of removal constitutes interstate commerce; hence the contention of appellants must fail.

[3] It is unnecessary, however, to further consider this contention, since it is apparent that the question of the validity or invalidity of the statute can avail appellants nothing in this proceeding. It has uniformly been held that in habeas corpus the court will not inquire into the question of the invalidity of a statute, or the sufficiency of the indictment, since these are questions primarily for the trial court in the jurisdiction where the indictment was found. In Henry v. Henkel, 235 U. S. 219, 228, 35 Sup. Ct. 54, 57 (59 L. Ed. 203), the court said:

"The question has been before this court in many cases—some on original application and others on writ of error; in proceedings which began after arrest and before commitment; after commitment and before conviction; after conviction and before review. The applications were based on the ground of the insufficiency of the charge, the insufficiency of the evidence, or the unconstitutionality of the statute, state or federal, on which the charge was based. In some of the cases the applicants have advanced the same arguments that are here pressed, including that of the hardship of being taken to a distant state for trial upon an indictment alleged to be void. But in all these instances, and notwithstanding the variety of forms in which the question has been presented, the court * * * has uniformly held that the hearing on habeas corpus is not in the nature of a writ of error, nor is it

intended as a substitute for the functions of the trial court. Manifestly this is true as to disputed questions of fact, and it is equally so as to disputed matters of law, whether they relate to the sufficiency of the indictment or the validity of the statute on which the charge is based."

[4] The indictment in charging the unlawful and felonious transportation of the automobile, charged that the defendants—

"and each of them, then and there well knowing the said motor vehicle to have been stolen, being not then and there the property of the said defendants, * * * nor did the said defendants * * * then and there have the consent and permission of the owner of said motor vehicle to take, transport, and cause to be transported the same from the said city of Ocean City as aforesaid to the said city of Los Angeles as aforesaid."

The averment is substantially in the language of the statute, and in habeas corpus proceedings, if the petitioner has been charged, however inartificially, with the commission of a crime, the court will not stop to consider merely formal defects in the indictment.

It is urged that the indictment is defective, in that it does not name the owner from whom the vehicle was stolen, nor the value of the property alleged to have been stolen. It may be suggested that the act merely denounces and makes unlawful the transportation in interstate commerce of a motor vehicle known to have been stolen. The transportation of such a vehicle, with guilty knowledge, constitutes the crime. Likewise the statute fixes no limitation upon the value, however great or small, of the property stolen. It simply denounces the interstate transportation of any stolen motor vehicle, regardless of value.

[5] Again we need not stop to consider at length the alleged formal defects in the indictment, since these are questions that can be raised at the proper time on demurrer or otherwise in the trial court. As the court said in Benson v. Henkel, 198 U. S. 1, 10, 25 Sup. Ct. 569, 570 (49 L. Ed. 919):

"Indeed, it is scarcely seemly for a committing magistrate to examine closely into the validity of an indictment found in a federal court of another district, and subject to be passed upon by such court on demurrer or otherwise. Of course, this rule has its limitations. If the indictment were a mere information, or obviously, upon inspection, set forth no crime against the United States, or a wholly different crime from that alleged as the basis for proceedings, or if such crime be charged to have been committed in another district from that to which the extradition is sought, the commissioner could not properly consider it as ground for removal. In such cases resort must be had to other evidence of probable cause."

The indictment in this case, if defective at all, is not so fatally defective as to come within any of the exceptions above stated.

The judgment is affirmed, with costs.