### BRADFORD v. MILLS, Warden.

HAWKINS, Justice. 1. While the fact that the defendant and his wife were subpoenaed before the grand jury and required to give testimony against the defendant in the investigation of a robbery charge, and this testimony was taken into consideration by the grand jury in the return of the indictment against the defendant and several others for the offense of robbery, would have furnished good ground for plea in abatement to the indictment, for the reason that the testimony of the defendant against himself was in violation of the provisions of paragraph 6, article 1, section 1 of the Constitution of the State of Georgia (Code, Ann., § 2-106) that no person shall be compelled in any criminal case to give testimony tending in any manner to criminate himself, and of Code § 38-1604, which provides that the wife shall not be competent or compellable to give evidence in any criminal proceeding of the character here involved for or against her husband (*Jenkins* v. *State*, 65 *Ga. App.* 16, 14 S. E. 2d, 594)—yet one may waive or renounce what the law or Constitution has established in his favor (Code, § 102-106; *Humphries* v. *McWhorter*, 25 *Ga.* 37, 39), including even the right of trial itself. *Goldstein* v. *State*, 26 *Ga. App.* 651 (1) (107 S. E. 176).

2. Under Code § 27-1501, all matters of plea in abatement to an indictment must be made in writing preliminary to the trial or plea thereto, and if not made at the proper time, are to be held as waived in contemplation of the law. *Hill* v. *State*, 41 *Ga.* 484 (2). If the defendant pleads guilty to such an indictment as is described in the preceding headnote, it is too late afterwards, in proceedings instituted to secure the release of the defendant by writ of habeas corpus, to attack the indictment upon that ground. *Pulliam* v. *Donaldson*, 140 *Ga.* 864 (80 S. E. 315); *Hall* v. *State*, 103 *Ga.* 403 (29 S. E. 915).

3. The allegations of the present habeas corpus petition, to the effect that the defendant entered a plea of guilty to the indictment "without the advice of counsel," are insufficient to charge that he was denied the privilege and benefit of counsel as provided by paragraph 5, article 1, section 1 of the Constitution of this State (Code, Ann., § 2-105), since the petition fails to allege that he was unable to employ counsel, or that he desired or made any request for counsel, or that the court declined to appoint counsel to represent him. *Gatlin* v. *State*, 17 *Ga. App.* 406 (87 S. E. 151); *Sarah* v. *State*, 28 *Ga.* 576 (2); *Elam* v. *Rowland*, 194 *Ga.* 58 (20 S. E. 2d, 572).

4. The writ of habeas corpus is never a substitute for a writ of error or other remedial procedure to correct errors in the trial of a criminal case. *Wells* v. *Pridgen*, 154 *Ga.* 397 (114 S. E. 355).

5. The trial court did not err in sustaining the demurrer to the petition for habeas corpus and in remanding the petitioner to the custody of the proper official.

*Judgment affirmed. All the Justices concur.*

No. 17513. SUBMITTED JUNE 12, 1951—DECIDED JULY 10, 1951.

*Howard, Tiller & Howard,* and *Lewis R. Slaton Jr.,* for plaintiff.

*Eugene Cook, Attorney-General,. Hal C. Hutchens, Solicitor-General,* and *J. R. Parham, Assistant Attorney-General,* for defendant.