## WILLIAMS v. THE STATE.

HAWKINS, Justice. Clifton Williams was indicted in Richmond Superior Court for the murder of his wife, Dorothy Mae Williams, on April 6, 1951. He was convicted without recommendation, and to the judgment overruling his motion for a new trial he excepts. *Held:*

1. The first and second grounds of the amended motion for a new trial complain of the admission over objection of certain testimony of named witnesses relative to the forcible administration of creoline to his wife by the defendant on March 12, 1951, whereby she became ill and was carried to the hospital; the admission of this testimony being assigned as error because it was an effort to put the defendant's character in issue, and to create in the minds of the jury the impression that the accused was of a violent temper, an aggressive nature, and eager to inflict a personal injury. These grounds are without merit. On the trial of one charged with the murder of his wife, evidence is admissible which tends to show ill-treatment and cruelty on his part towards her shortly before the homicide, for the purpose of showing malice and motive and to rebut the presumption of improbability of a husband murdering his wife. *Henderson* v. *State,* 120 *Ga.* 504, 506 (2) (48 S. E. 167); *Roberts* v. *State,* 123 *Ga.* 146 (5) (51 S. E. 374); *Josey* v. *State,* 137 *Ga.* 769 (74 S. E. 282); *Coleman* v. *State,* 141 *Ga.* 737 (3) (82 S. E. 227); *Cobb* v. *State,* 185 *Ga.* 462, 464 (4) (195 S. E. 758); *Parker* v. *State,* 197 *Ga.* 340 (4) (29 S. E. 2d, 61).

2. While an indictment based upon the testimony of the defendant himself which he is compelled to give before the grand jury might be abated when timely and properly attacked upon that ground (*Jenkins* v. *State,* 65 *Ga. App.* 16, 14 S. E. 2d, 594; *Bradford* v. *Mills,* 208 *Ga.* 198, 66 S. E. 2d, 58), these decisions have no application to the present case, wherein the defendant in ground three of the amended motion seeks a new trial upon the ground of newly discovered evidence, to the effect that the investigating officer for the State who testified before the grand jury had obtained a written confession from the defendant and had it in his possession at the time he testified and referred to the contents and admissions of guilt in the said confession while before the grand jury. A confession by one charged with crime, wherein he freely and voluntarily acknowledges himself to be guilty of the offense charged, is admissible in evidence both before the grand jury and on the trial of the one thus accused. *Claybourn* v. *State,* 190 *Ga.* 861 (11 S. E. 2d, 23); *Mangum* v. *State,* 201 *Ga.* 519 (2) (40 S. E. 2d, 423); *McClung* v. *State,* 206 *Ga.* 421 (2) (57 S. E. 2d, 559); 42 C. J. S. 868, § 24 (2). This ground of the motion is without merit.

3. The general grounds of the motion for a new trial are expressly abandoned.

*Judgment affirmed. All the Justices concur.*

No. 17735. SUBMITTED JANUARY 16, 1952—DECIDED FEBRUARY 13, 1952.

*B. H. Barton,* and *Joseph E. DeWitt Jr.,* for plaintiff in error. *Eugene Cook, Attorney-General, George Hains, Solicitor-General,* and *Rubye G. Jackson,* contra.