**UNITED STATES ex rel. William H. MORRIS, Petitioner,**

v.

**Orel J. SKEEN, Warden of West Virginia State Penitentiary.**

**No. 432–F.**

United States District Court N. D. West Virginia, Fairmont Division.

Nov. 23, 1954.

Russell L. Furbee, Fairmont, W. Va., for petitioner.

John G. Fox, Atty. Gen. of West Virginia, and James C. Blanton, Sp. Asst. Atty. Gen. of West Virginia, for respondent.

WATKINS, Chief Judge.

Petitioner, William H. Morris, now serving a state sentence in the West Virginia Penitentiary has filed a petition requesting the issuance of a writ of habeas corpus to inquire into the legality of his detention. Petitioner was indicted for the crime of statutory rape at the September, 1951 Term of the Intermediate Court of Kanawha County, West Virginia. He pleaded guilty and was sentenced to a term of five to twenty years, and committed to the penitentiary on December 27, 1951. There is no allegation or showing that any appeal was taken from this conviction. Petitioner does not deny committing the crime charged, but he says that his true name is William Howard Morris, whereas the person named to the indictment was William H. Marsh. When the case was called in court the petitioner proved by identification papers that his name was William Howard Morris, and not William H. Marsh, whereupon the judge directed the clerk to correct the misnomer and correction was made. Petitioner pleaded guilty to the indictment as amended, and was sentenced to the West Virginia State Penitentiary where he is now detained.

On the 28th day of April, 1953, petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Appeals of West Virginia, relying upon the misnomer in the indictment. The writ was denied, and on July 10, 1953, petitioner applied to the Supreme Court of the United States for a writ of certiorari, which was denied on October 5, 1953, 346 U.S. 838, 74 S.Ct. 60. Petitioner has now filed a petition in this court asking for a writ of habeas corpus, relying solely upon the misnomer in the indictment. He asks to proceed in forma pauperis and to have counsel appointed for him, which requests were granted. The respondent has filed an answer to the petition, and a hearing has been held.

■■ Petitioner contends that the indictment was void; that the indictment could not be changed or altered by the judge or clerk of any court; and that the judgment and sentence under such indictment are illegal and unconstitutional. The fact that an indictment or information is lacking in technical pre-

cision or is otherwise irregular is not ground for relief by habeas corpus unless the defect is sufficient to render the judgment void. An indictment under which a prisoner is held in custody may be defective, but this does not entitle the prisoner to discharge under habeas corpus if enough appears from the face of the indictment to charge the prisoner with a crime. See Whittaker v. Hitt, 1922, 52 App.D.C. 149, 285 F. 797, 27 A.L.R. 951, and Ex parte Prince, 27 Fla. 196, 9 So. 659, 26 Am.St.Rep. 67, held that a writ of habeas corpus could not be used to take the place of a demurrer or motion to quash. If the name under which one is brought to trial under an indictment or accusation is not the name of the defendant, it should be taken advantage of by a plea of misnomer filed before arraignment. After conviction or plea of guilty, it is too late to attack the indictment because of the misnomer. Pullian v. Donaldson, 140 Ga. 864, 80 S.E. 315; L.R.A.1918B, 1168, footnote 47. This case held that an indictment containing a misnomer of the defendant is not void.

■ It is within the power of the trial court to amend an indictment containing a misnomer of the accused under West Virginia Code, Chapter 62, Article 2, Section 10, which reads, in part, as follows:

> "No indictment or other accusation shall * * * be abated for any misnomer of the accused; but the court may, in case of misnomer appearing before or in the course of a trial, forthwith cause the indictment or accusation to be amended according to the fact."

This statute was tested by the Supreme Court of Appeals of West Virginia in the case of State v. Strayer, 58 W.Va. 676, 52 S.E. 862, where an indictment against Ben Strayer appeared to be against Ben Thrayer. On his arraignment the defendant moved to quash, because his true name was Ben Strayer. The court overruled this motion, and then, on motion of the state, permitted the indictment to be amended so as to state the true name of the defendant.

■ For the reasons stated above, the petition for writ of habeas corpus must be denied.