20802. BUCHANAN *v.* THE STATE.

SUBMITTED FEBRUARY 8, 1960—DECIDED MARCH 16, 1960.

*Robert J. Noland*, for plaintiff in error.

*Luther C. Hames, Jr., Solicitor-General*, contra.

QUILLIAN, Justice. ■ The first motion to dismiss and quash the indictment in this case, in which it was contended that the defendant had been denied equal protection of the laws, is without merit because the motion is insufficient to show any denial of equal protection of the laws under the Constitution of the United States or of the State of Georgia. It is simply alleged that the defendant was not permitted to appear before the grand jury that indicted him and to examine the witnesses who appeared before it. It is alleged neither that the defendant had any right under the laws and the Constitution of the United States or of the State to appear before the grand jury; nor that there are other citizens belonging to a class to which this defendant belongs who are accorded rights of which he has been denied; nor that he has been denied any right accorded to other citizens in circumstances the same as or similar to those in which he finds himself. "It is only in cases where laws are applied differently to different persons under the same or similar circumstances that the equal protection of the law is denied." *Baugh* v. *City of LaGrange*, 161 *Ga.* 80 (130 S. E. 69); *City of Valdosta* v. *Harris*, 156 *Ga.* 490 (119 S. E. 625); *Georgia So. & Fla. Ry. Co.* v. *Adkins*, 156 *Ga.* 826 (120 S. E. 610). It therefore follows, it was not error to deny this motion.

■ In the second motion to dismiss and quash the indictment, it is insisted that the indictment should be dismissed because there was no legal evidence before the grand jury connecting the defendant with the crime charged, in that all the testimony presented before the grand jury was hearsay testimony and without probative value. Without deciding whether the evidence given before a grand jury may ever be inquired into, it was inquired into in this case without objection, and the record shows that, in addition to the testimony referred to, there was before the grand jury a statement made by the defendant amounting to a plenary confession, and a similar statement by another who was charged as an accomplice. These documents were identified by the scrivener who took them down and who was sworn as a witness before the grand jury. There was, therefore, evidence before the grand jury upon which the indictment could lawfully be based. "It has never been the practice in this State to go into an investigation to test the sufficiency of the evidence before the grand jury." *Powers* v. *State*, 172 *Ga.* 1 (3) (157 S. E. 195). See also *Summers* v. *State*, 63 *Ga. App.* 445 (11 S. E. 2d 409). Accordingly, it was not error to deny the motion upon this ground.

■ The defendant filed to the indictment demurrers which contained thirteen grounds, all of which contended that the indictment failed to set out an offense or that the indictment was vague and indefinite. There is no merit in any of the demurrers. The indictment was drawn in the terms of the statute. "An indictment is sufficient which charges the offense in the language of the Code, or so plainly that its nature may be easily understood by the jury." *Jackson* v. *State*, 76 *Ga.* 551 (13e). It follows, it was not error to overrule these grounds of demurrer.

■ From what has been said above, the judgment denying the two motions to dismiss and quash the indictment and the judgment overruling the demurrers to the indictment were not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*