### 44960. BROWN v. THE STATE.

DEEN, Judge. 1. Subsequent to the indictment a motion to suppress evidence against the defendant on trial consisting of objects taken from the defendant's automobile by police officers acting on authority of a search warrant later held to be void because of an insufficient affidavit was granted by the trial court and the evidence was not introduced at the trial. A motion to quash the indictment on the ground that the illegal evidence was presented to the grand jury was denied and is enumerated as error. In *Buchanan v. State*, 215 Ga. 791 (2) (113 SE2d 609) the question of whether the evidence before the grand jury can ever be inquired into was left undecided. The sufficiency of evidence will not be inquired into. *Buchanan v. State*, supra; *Williams v. State*, 222 Ga. 208, 212 (149 SE2d 449). In *Meriweather v. State*, 63 Ga. App. 667 (11 SE2d 816) it was held that the burden is on a defendant seeking to quash an indictment to overcome the presumption that it was returned on legal evidence by showing there was

no other competent evidence upon which it could lawfully have been returned. In the present case no witness testified as to any of the evidence offered before the grand jury. The face of the indictment suggests but does not demand an inference that some illegal evidence was offered; the evidence on the trial demands an inference that sufficient legal testimony was in possession of the State for presentation to the grand jury but is silent as to whether it was offered. Under these circumstances we affirm the denial of the motion to quash.

2. Where the evidence is sufficient on the trial of a criminal case to authorize a finding that the defendant and another were engaged in a criminal conspiracy, and the alleged co-defendant thereafter makes a confession in the presence of the defendant which involves both parties, the silence of the defendant under such circumstances may amount to an implied admission. *Code* § 38-409. The testimony of a third party who was present at such conversation and observed the defendant's failure to deny the charges made against him by the co-indictee is admissible over the objection that anything said by the co-indictee would be hearsay, that defendant not being present at the trial. See *Smith v. State,* 76 Ga. App. 847 (3) (47 SE2d 518); *Hannah v. State,* 212 Ga. 313, 317 (92 SE2d 89). It is of course admissible only for the limited purpose of showing that the defendant impliedly admitted the charge brought against him, provided the circumstances were such that a denial should otherwise have been made, and it is not admissible for the purpose of showing the truth of the alleged confession of the co-defendant. Had this been a jury trial, unless the court carefully limited the testimony to a purpose coming within an exception to the hearsay rule it might well be error. In the present case, where the trial was by consent before the court without a jury, and the evidence turned not upon whether a confession was in fact given but whether the defendant actually heard it given, no reversible error is shown.

3. The testimony for the State shows that one Quentin Frost owned a grocery store which contained three cash registers. He and three clerks identified the defendant and the co-indictee Bizzell as being in the store at the time Frost placed a tackle box with between $175 and $200 in change on a shelf under one of the cash registers and went to another register

to check it; that he turned around a moment later, the tackle box was gone, and the defendants were leaving the store. Three clerks identified the men, one testified that he had given the defendant on request an empty carton which he was carrying as he went out, and another testified that she saw the defendant pick up the tackle box, place it in the carton, and leave with it inside the carton which he was carrying. A description of the men and the automobile in which they left was quickly radioed to police officers, the car was located and the defendants arrested within a couple of hours thereafter. The defendant admitted being in Frost's store. The evidence was sufficient to sustain the conviction. The second enumeration of error does not identify and this court is unable to find any testimony illegally admitted over objection on the trial of the case referring to items illegally recovered from the automobile, evidence of which was ruled out following the motion to suppress.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

ARGUED JANUARY 12, 1970—DECIDED JANUARY 28, 1970— REHEARING DENIED FEBRUARY 19, 1970—

*Sullivan & Herndon, John J. Sullivan*, for appellant.