## 47129. WHITEHEAD v. THE STATE.

BELL, Chief Judge. The defendant filed a motion to quash the indictment charging him with forgery in the first degree contending that it was returned wholly upon illegal evidence. After a hearing at which evidence was offered the motion was denied and the denial certified for direct appeal. *Held:*

1. In *Meriwether v. State,* 63 Ga. App. 667 (11 SE2d 816) we held that the defendant in seeking to quash an indictment has the burden to overcome the presumption that it was returned on legal evidence by showing there was no competent evidence upon which it could lawfully have been returned. The only evidence in this case which was shown to be illegal was an out-of-court identification of the accused conducted by the police. It appears that the forged instrument, a check, was endorsed by and uttered to the victim by a person having the same name as the defendant who furnished an address under his endorsement. Police officers went to this address and found the defendant. According to the testimony of a police officer, a Miranda warning concerning his right against self-incrimination and his right to have counsel present at a custodial interrogation was given the defendant. Thereafter, the police officer and the accused, without counsel, went to the business establishment where the check was allegedly uttered. The victim identified the defendant. Later this procedure was repeated and another witness identified the defendant. There is no evidence that the defendant was affirmatively advised of his right to have counsel present at this line-up or identification confrontation with the witnesses. There is no evidence in the record from which it could be concluded that the defendant intelligently waived his right to counsel at this identification process. A warning of his rights to counsel concerning custodial interrogation will not suffice as there is a decided difference between the right to counsel during police interrogation and the right to have

counsel at a line-up, a critical stage of the proceedings. See *United States v. Wade*, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149). Consequently, the evidence of the out-of-court identification would not be admissible upon trial of the case.

2. Despite the error discussed in Division 1, affirmance of the trial court's denial of the motion to quash the indictment is required. Under the holding in *Meriwether,* the defendant had the burden to show that the indictment was returned "wholly" upon illegal evidence. The sufficiency of the legal evidence before the grand jury will not be inquired into. *Buchanan v. State,* 215 Ga. 791 (2) (113 SE2d 609); *Williams v. State,* 222 Ga. 208, 212 (149 SE2d 449). It appears from the evidence at the hearing on the motion that the check itself which contained the endorsement of the defendant and his address, the testimony of the State's witness that the check was cashed, and the testimony of the witness whose name was forged as an endorsee on the check were all submitted to the grand jury and none of this evidence has been shown to be illegal. See *Brown v. State,* 121 Ga. App. 228 (173 SE2d 470). The defendant has not carried his burden of showing that the evidence on which the indictment was returned was based on wholly incompetent evidence.

*Judgment affirmed. Stolz, J., concurs. Evans, J., concurs specially.*

Submitted May 1, 1972—Decided June 30, 1972.

*Bennett, Pedrick & Bennett, E. Kontz Bennett, Jr.,* for appellant.

*Dewey Hayes, District Attorney,* for appellee.

Evans, Judge, concurring specially. I concur in the judgment in this case. I do not agree with the statement that "the sufficiency of the legal evidence before the grand jury will not be inquired into," citing *Buchanan v. State,* 215 Ga. 791 (2), supra, and *Williams v. State,* 222 Ga. 208, 212,

supra. Any such suggestion in the cited cases is in conflict with and under the rule of stare decisis must give way to earlier fullbench decisions by the Surpeme Court of Georgia, which have not been overruled, to wit: *Lennard v. State,* 104 Ga. 546 (1) (30 SE 780); and *Powers v. State,* 172 Ga. 1 (3) (157 SE 195), holding that inquiry may be made into evidence presented before the grand jury where the defendant has been compelled to testify before that body in violation of his constitutional rights against self-incrimination. Also see *Jenkins v. State,* 65 Ga. App. 16 (14 SE2d 594), where this court makes a like finding. As to whether there is any competent evidence under oath before the grand jury, etc., see *Bradford v. Mills,* 208 Ga. 198 (1) (66 SE2d 58) and *Williams v. State,* 208 Ga. 704 (2) (69 SE2d 199). While the district attorney may not be compelled to open up his file to defendant's counsel, he is required to testify as to what occurred in the grand-jury room. See *Switzer v. State,* 7 Ga. App. 7 (2) (65 SE 1079).

BELL, Chief Judge and STOLZ, Judge. *Addendum.* The statements and conclusion enunciated in the special concurrence compel an answer in the interest of clarity.

1. *Lennard v. State,* 104 Ga. 546 (1) (30 SE 780) and *Powers v. State,* 172 Ga. 1 (3) (157 SE 195) cited there are not in contradiction to the cases cited in Division 2 of the majority holding but are themselves *authority* for it! In *Powers* in headnote 2 the Supreme Court stated: "It has never been the practice in this State to go into an investigation to test the sufficiency of the evidence before the grand jury." That is precisely the holding in Division 2 of the majority opinion to which the "special concurrence" is directed! Again, in *Lennard* the Supreme Court held that an indictment would not be quashed where it was not shown that the indictment was returned on the basis of testimony given by one witness who was not sworn as required by law as there *may* have been other witnesses properly sworn who may have appeared before the grand jury. Again, this is precisely in accord with the later and more modern Supreme Court cases cited by the majority!

As for the case of *Jenkins v. State*, 65 Ga. App. 16 (14 SE2d 594) cited in the special concurrence under the invitation to "and see" concerns a proposition totally not involved in this case, i.e., the compelling of an accused to testify against himself before a grand jury! But we might just quote here the statement made in *Jenkins* (p. 23) which is appropriate to that made in the majority opinion: "It is conceded that the court will not investigate as to the sufficiency of the evidence before the grand jury."

2. The special concurrence suggests the need for another official statement since the theory has been advanced before in other "special concurrences." This statement in the "special concurrence" is that the later and more modern *Buchanan* and *Williams* Supreme Court cases which the majority cites "are in conflict with and under the rule of stare decisis must give way to earlier full-bench decisions by the Supreme Court of Georgia, which have not been overruled," to-wit, *Lennard* and *Powers* which we of the majority have previously shown are not in conflict.

But let us assume, arguendo, that they are in conflict. What is the status of this court as to them? The answer is that the Court of Appeals and all inferior courts are bound by each and every one of those opinions of the Supreme Court. It is not our duty to "second guess" the Supreme Court! It is our duty to presume that in each and every case the Supreme Court has done its duty and reconciled all of its holdings as its own duty demands! We of the Court of Appeals are free to follow any Supreme Court case enunciating a proposition on which we are ruling.

EVANS, Judge. *Addendum.* The majority has responded to my special concurrence. I now respond to that response.

It is argued that two cases I cited, to wit, *Lennard v. State*, 104 Ga. 546 (1) (30 SE 780), and *Powers v. State*, 172 Ga. 1 (3) (157 SE 195), not only fail to support my position, but are themselves authority for the majority's position. Nothing could be more erroneous! Both of these cases clearly hold that if there is *no proper evidence* before the grand jury, inquiry will be made and the indictment will be

quashed. Of course, if there is *some proper evidence* and *some improper evidence* before the grand jury, the latter will not rub out the former.

But let these authorities speak for themselves. In *Lennard,* supra, Headnote 1, it is stated: "A plea in abatement, attacking an indictment on the ground that the oath required by law was not administered to a named witness upon his examination by the grand jury, *was not good without alleging that the indictment was found true solely upon the testimony of this witness.*" (Emphasis supplied.) In *Powers,* supra, Headnote 3 states: "Another ground of the plea in abatement is that there was not sufficient evidence introduced before the grand jury to make out a prima facie case and to authorize the returning of the bill of indictment. *It is not contended that there was no evidence introduced before the grand jury.* This ground was properly overruled. It has never been the practice in this State to go into an investigation to test the sufficiency of the evidence before the grand jury." (Emphasis supplied.) Can there be any way to interpret the language from these two decisions, except that *if there is no proper evidence before the grand jury,* inquiry will be made and the indictment will be thrown out of court?

But the majority seizes on the last sentence of the quoted language in the *Powers* case, to wit, "It has never been the *practice* in this State to go into an investigation to test the sufficiency of the evidence before the grand jury." (Emphasis supplied.) Notice that this language does not purport to contend that inquiry will not be made as to what evidence was introduced before the grand jury, but simply that it is not the *practice* to do so. What does "practice" mean? Black's Law Dictionary defines it as: "repeated or customary action; habitual performance; a succession of acts of similar kind; habit; custom; usage, etc." It matters not that *customarily* or *habitually* such investigation is not made. We are concerned with whether it is *ever done,* and these authorities leave it beyond peradventure that it is done, but the defendant must be careful to show that *no proper evi-*

*dence* was before the grand jury. The introduction of *improper evidence* is not fatal to the indictment, unless *all of the evidence is improper.*

The majority seeks to distinguish our cited case of *Jenkins v. State,* 65 Ga. App. 16 (14 SE2d 594), wherein an indictment was abated when the defendant had been required to give evidence against himself before the grand jury. The majority contends this involves a proposition "totally not involved in this case." Not so. It is true that a different proposition *in part* is involved; but also an *exactly similar proposition* is involved in that inquiry was made into the evidence introduced before the grand jury, which explodes the contention of the majority that it is *not the practice* to make such investigation. And after inquiry was made, the indictment was thrown out. Approving this case is that later case by the Supreme Court of Georgia, to wit, *Williams v. State,* 208 Ga. 704 (2) (69 SE2d 199).

As to the majority's contention that it is not the function of this court to "out-guess" the Supreme Court in deciding what cases bind us, I cite one of our own cases, and we need not out-guess any court, because it is an early case by this court and is binding on this court until overruled. It has not been overruled and is directly in point, to wit, *Switzer v. State,* 7 Ga. App. 7 (1) (65 SE 1079): "The grand jury can not find a bill or make a special presentment except upon the testimony of a witness to whom has been administered the oath substantially as prescribed in section 834 of the Penal Code, in a particular case where the party is charged with a specified offense. In other words, to make the finding legal, the witness must be sworn on a bill or presentment charging a specific offense against the party." Also see pertinent discussion at pages 10 and 11. The lower court's judgment refusing to throw the indictment out was reversed by the Court of Appeals in this case. If further authority is needed, see *Ashburn v. State,* 15 Ga. 246: "In all cases of presentment or of indictment, the only lawful oath which can be administered to witnesses, to be sent before the Grand Jury, is the following: 'The evidence

which you shall give to the Grand Jury, on this bill of indictment, (or presentment) as the case may be, (here state the case,) shall be the truth, the whole truth, and nothing but the truth, so help you God.' If the oath of the witness be materially different from this, the indictment ought to be quashed or dismissed."

The indictment was thrown out in this case.

Also see: *In re Lester,* 77 Ga. 143 (c): "They [the grand jury] can find no bill nor make any presentment except upon the testimony of witnesses sworn in a particular case, where the party is charged with a specified offense."