**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 12, 2020**

# In the Court of Appeals of Georgia

A19A2042. CHAPMAN et al. v. THE STATE.

REESE, Judge.

A Gilmer County grand jury indicted Fields Benjamin Chapman, Andrew Haynes, and Damon Avery Johnson ("the Appellants") with several counts of aggravated sexual battery, aggravated battery, sexual battery, sodomy, and public indecency. The Appellants filed motions to quash the indictment and pleas in abatement, arguing that the indictment was not returned in open court. The trial court denied the motions, and we granted the Appellants' application for an interlocutory appeal. For the reasons set forth infra, we affirm the trial court's denial of the motions.

The record shows that on August 4, 2014, the trial court judge was called to the Gilmer County courthouse to receive indictments from the grand jury. The grand jury

bailiff unlocked the public access door to Courtroom A at 4:56 p.m. Prior to that time, Courtroom A was locked because no proceedings were scheduled that day for the courtroom. The judge, grand jury bailiff, clerk of court, and district attorney then convened in the courtroom. The bailiff returned several indictments to the judge, including the indictment at issue in this case. The four officials finished around 5:30 p.m. and the bailiff re-locked the courtroom. On the date the indictment was returned, a security log for the courthouse reflected that, at 5:00 p.m., the courthouse was "closed for business, remaining open for grand jury indictments." At 5:30 p.m., the log reflected "[c]ourthouse closed."

The Appellants filed pleas in abatement and motions to quash the indictment, arguing that the indictment was not returned in open court. The trial court held a hearing on the issue. At the hearing, the court reviewed video of various portions of the courthouse, still photographs from various courthouse cameras, the courthouse security log for the day the indictment was returned and various other dates, and testimony from several court personnel, including the clerk of court, sheriff, and the sheriff's deputy in charge of court security.

The trial court denied the motions to quash the indictment and pleas in abatement. The court found that the indictment was returned "in open court" because the proceeding was open to the public. This appeal followed.

"When considering an appeal of a trial court's order on a motion to . . . quash an indictment, we review the trial court's interpretations of law and application of the law to the facts de novo, and its findings of fact for clear error."[1] With these guiding principles in mind, we now turn to the Appellants' specific claims of error.

The Appellants argue that the indictment was not returned in open court. They contend that an indictment is returned in open court only when a court is "in session," and a court is in session only after a formal case call with a sheriff's deputy and judge in attendance. The Appellants also argue that the proceeding was not truly open to the public because the deputies did not perform their standard security sweep and no courtroom proceedings were scheduled for that day.

Georgia case law has long held that an indictment must be returned in "open court."[2] "It is a fundamental part of our judicial system that the general public be

---

[1] *State v. Scott*, 344 Ga. App. 744 (811 SE2d 457) (2018) (punctuation and footnote omitted).

[2] *State v. Brown*, 293 Ga. 493 (1) (748 SE2d 376) (2013).

3

permitted to witness court proceedings sufficiently to guarantee that there may never be practiced in this State secret or star-chamber court proceedings[.]"[3] "A failure to return the indictment in open court is per se injurious to the defendant."[4]

"The term 'open court,' as far as returning the indictment is concerned, means that the indictment is returned in a place where court is being held open to the public with the judge and the clerk present."[5] "Definitions of the term which differ from the one thus given would confuse, rather than aid, the court in its effort to ascertain the true meaning of the term as used in the rule."[6]

In this case, the indictment was properly returned in open court. The judge, grand jury bailiff, and clerk of court were present in a courtroom open to the public. The courtroom doors were unlocked, and the courthouse remained open even after

---

[3] Id. at 493-494 (1) (citation and punctuation omitted).

[4] Id. at 494 (1).

[5] Id. (citations and punctuation omitted); see also *Zugar v. State,* 194 Ga. 285, 289 (21 SE2d 647) (1942) (defining "in open court" as the appearance of the grand jury or the grand jury bailiff "in the court-room or the place where court was being held open to the public with the judge and clerk present[]").

[6] *Zugar*, 194 Ga. at 289; see also *Blevins v. State*, 220 Ga. 720, 725 (4) (141 SE2d 426) (1965) ("[T]he term 'in open court' was so clearly defined [in *Zugar*] that its meaning since then ought not to be misunderstood[.]").

4

normal business hours. Only offices such as the clerk's office or tag's office closed at 5:00 p.m. Court proceedings regularly went past 5:00 p.m., and the deputies would keep the courthouse open until all court proceedings were complete. While the security plan provided for a detailed sweep of the courtroom prior to allowing the public inside, the deputies would not have barred a member of the public from entering a courtroom open for indictments, and would have provided assistance to any potential spectator requesting directions. A potential spectator could have proceeded unimpeded from the open courthouse entrance to the unlocked courtroom. According to security cameras, no one on August 4 attempted to access Courtroom A while the bailiff returned the indictments.

The Appellants urge us to define "open court" as a court that is "in session," and apply the relevant statutes and cases interpreting that term.[7] However, the case law on this issue does not focus on whether the court was "in session"; rather, the focus is on whether the proceedings were open to the public and with the proper

---

[7] See, e.g., OCGA § 15-16-10 (a) (2) (requiring the sheriff or his deputy to attend "all sessions" of the superior court).

officials present.[8] Additionally, adopting a different definition "would confuse, rather than aid," courts in their application of this rule.[9]

Accordingly, we affirm the trial court's order denying the Appellants' motions to quash the indictment and pleas in abatement.

*Judgment affirmed. Miller, P. J., and Rickman, J., concur.*

---

[8] See *Brown*, 293 Ga. at 494-496 (1) (indictment not returned in open court where a new courthouse had limited access and required permission from the court administrator to enter); *Zugar*, 194 Ga. at 287-291 (indictment not returned in open court when judge was not present and had called a recess earlier in the day); *Cadle v. State*, 101 Ga. App. 175, 180-181 (1) (113 SE2d 180) (1960) (indictment not returned in open court where the proceeding took place in the judge's chambers).

[9] See *Zugar*, 194 Ga. at 289.